## City of El Paso v. James A. Ashford.

### No. 130.

**Compensation of Assessor.**—The city of El Paso appointed an assessor and collector of taxes, with compensation of 5 per cent upon the taxes collected. Ashford was the assessor and collector in 1887, up to August 21, when his successor qualified. Ashford had made the assessment and the necessary tax rolls for that year, and his work was used by the city. Compensation having been refused, and it appearing that the work performed by him was worth 3½ of the 5 per cent allowed for the entire work of assessing and the collection of the taxes, *held*, that a judgment in his favor for 3½ per cent of the taxes collected for the year was legal, and it is affirmed.

Appeal from El Paso. Tried below before Hon. T. A. Falvey.

The city of El Paso sued the appellee and the sureties on his bond as assessor and collector of the city of El Paso, for the recovery of $1428.86, and interest thereon from August 21, 1887, at the rate of 8 per cent per annum, as amount of taxes collected and unaccounted for by the appellee, and for which he and his sureties were liable to the city.

The appellee, in the meantime, during the pendency of this suit, sued the city for the sum of $1653.56 as the amount due him by the city for assessing the taxes for the fiscal year of 1887, which commenced on the 1st of March of 1887 and ended on the last day of February, 1888, and for the further sum of $200 for services rendered by him upon the request and order of the city in making and giving descriptions to the city engineer of divers parcels of property within the city along which the city had ordered sidewalks to be built, and to prepare and keep a record of said property, and of notifying the property owners to construct sidewalks, and to the making out to each delinquent owner in such case a bill for the amount of money due the city for constructing said sidewalks whenever the owner failed to have the same constructed. These services were separate and independent and in addition to the performance of his duties as assessor and collector of taxes. The appellee's answer in the suit of the city against him stated, in substance, as a defense, the facts as pleaded in his petition against the city.

Upon order of the court, these two cases were consolidated. Upon the trial, it was agreed between the parties that judgment could be entered

against the appellee and the sureties on his bond as assessor and collector for the sum of $1424.86 and interest thereon from October 28, 1887, at the rate of 8 per cent per annum. It was further agreed between the parties, that all of the issues involved in both causes could be determined in one trial, and any judgment recovered by appellee should pro tanto offset the amount recovered by the city.

The case was tried by a jury in the court below, and verdict was rendered in favor of the city against Ashford for the sum of $1428.86, and in favor of Ashford against the city for the sum of $1500, with interest, and judgment was rendered upon this verdict in favor of appellee for the difference between the two amounts.

*Findings of Fact.*—1. That the city of El Paso was duly and legally incorporated as a city by special charter of the Legislature in 1873.

2. The charter of said city authorized the council to appoint an assessor and collector of taxes for said city.

3. That appellee was, on the 21st day of August, 1885, by the city council of El Paso, appointed an assessor and collector of taxes for said city for the term of two years, and that on or about said first mentioned date he entered upon the duties of his office.

4. That said tax assessor and collector, as compensation for his services, was by ordinance of said city allowed the sum of 5 per cent on the amount collected for each year.

5. The appellee, as assessor and collector for said city, did in 1887 assess the taxes for that fiscal year.

6. That said taxes were required to be assessed by said city prior to the meeting of its board of equalization, which met about the 1st of July of 1887, and that said taxes were properly and legally assessed before that time.

7. That in August, 1887, appellee's term of office expired, and J. D. Helzinger was appointed as his successor.

8. Helzinger, as his successor, upon the tax rolls made and prepared by the appellee, and which were accepted by the city, collected the taxes for the fiscal year of 1887. The amount of taxes so collected was $46,-042.61.

9. That appellee's services for assessing the taxes for the fiscal year of 1887 was reasonably worth the sum of $3\frac{1}{2}$ per cent of the 5 per cent commission allowed by the city for assessing and collecting the taxes for that year.

10. That appellee, prior to the institution of his suit against the city, presented his claim for allowance for assessing the taxes at the rate of $3\frac{1}{2}$ per cent of the 5 per cent commission on the amount of taxes collected for that year, which said city refused and failed to allow or pay.

11. Appellee was, at the time of the rendition of the judgment in this case, justly indebted to said city in the sum recovered by said city in the judgment against him.

12. That at the time of the rendition of the judgment, the city was justly indebted to appellee in the sum of $1611.49 as the amount he was entitled to for assessing the taxes, which amount is $3\frac{1}{2}$ per cent of the 5 per cent commission allowed by law to said assessor and collector.

We pretermit any finding upon that branch of the case made by the appellee wherein he seeks to recover for services rendered in and about the making and giving descriptions to the city engineer, etc., for parcels of property along which the said sidewalk was to be built, as the disposition we make of the case renders it unnecessary to make any finding upon this branch of the case.

[This statement accompanied the opinion.]

*Clark & Barnhart,* for appellant.—The right of the assessor and collector of the city of El Paso for the fiscal year 1887 to compensation is dependent upon the actual collection of taxes and money by such assessor and collector; and although Ashford may have assessed the taxable property of said city, prepared poll and tax lists, and done all other things and performed all other duties incumbent upon him as such officer, yet if his term of office expired or he was rightfully removed from office before the taxes and money due or to become due to the city for the fiscal year 1887 were collected, and the same were afterwards collected by Helzinger, his successor in office, Ashford can maintain no suit at law for such compensation. Sec. 97 of an act to incorporate the city of El Paso, approved May 17, 1873, and secs. 34, 123–130, 147, 151, 156 of said act. Mech. on Pub. Office and Officers, secs. 374, 855, 856, 862, 868, 870, 882; The State v. Moore, 57 Texas, 307; Dill. on Mun. Corp., sec. 230, and notes 1 and 2, secs. 231–233, and note 2, also sec. 234; County Court of Grand Forks County v. Cavanagh, 19 N. W. Rep., 413; McManus v. City of Brooklyn, 5 N. Y., 424.

*Millard Patterson* and *C. N. Buckler,* for appellee, cited: Cuthburt v Kuhn, 31 Am. Dec., 517, and note; Ex Parte Lawrence, 1 Ohio St., 431; Hubbard v. Crawford, 19 Kans., 570; United States v. Flanders, 112 U. S., 88; United States v. Dickson, 15 Pet., 141.

FISHER, CHIEF JUSTICE.—Appellant's first and second assignments of error complain of the refusal of the court to sustain demurrers addressed to the answer of appellee and to his petition in his suit against the city.

The case made by the pleadings of appellee is, that the compensation of 5 per cent allowed by the city was for assessing and collecting the tax for each year; that this amount so allowed was 5 per cent on the

amount of taxes collected; that as he had assessed the taxes for the year 1887, that the services so rendered in making such assessment was reasonably worth $3\frac{1}{2}$ per cent of the 5 per cent commission allowed; that as his term of office expired in August of 1887, and although the taxes were collected by his successor in office for that year, he was nevertheless entitled to compensation for the services rendered in making and preparing the assessment rolls by virtue of which the collection of the taxes was accomplished. In these allegations, in which he seeks his relief against the city, he states, that he was put to expense in the employment of a clerk, whose services were necessary to his assistance in preparing the assessment rolls, and that he incurred other expense in the preparation of such rolls, enumerating in his pleadings the items thereof.

We do not understand from these allegations that he seeks to recover compensation from the city for the expense incurred in clerk hire and the preparation and the completion of the tax rolls, but that these facts were simply alleged as matter of inducement showing that his services in the making and preparation of the tax rolls was reasonably worth the $3\frac{1}{2}$ per cent of the 5 per cent commission allowed to the assessor and collector. He asked for no judgment upon these items, nor was any so rendered. The basis of his claim was that his entire services as assessor, in proportion to the entire amount of the 5 per cent commission allowed by law to the assessor and collector, was the sum of $3\frac{1}{2}$ per cent.

The next question raised by the demurrers is, can the appellee maintain his action for a proportionate share of the 5 per cent commission as compensation for services rendered in making the assessment, or shall the entire amount of the commission go to the assessor and collector that actually collects the taxes?

It is apparent from the ordinances of the city providing compensation for its assessor and collector, that the 5 per cent should be compensation for assessing as well as collecting, and that it shall be determined by the amount of taxes collected. The evident purpose was to provide a compensation for the assessor as well as the collector; and in reaching this result, it makes no difference whether the taxes were collected by the incoming or the outgoing officer. It is true that the ordinance did not undertake to provide what per cent of this amount should be paid as compensation for assessing and as compensation for collecting the taxes. The ordinance contemplated that the functions of the two offices should be performed by one incumbent. The functions performed by the assessor are entirely different from the functions performed by the collector, although those duties are required to be performed by one man.

To determine in this case that the compensation allowed the assessor and collector for the performance of those separate duties should go to the incumbent that actually collected the taxes would have the effect of depriving the assessor of compensation for the services rendered in pre-

paring the assessment rolls. Such a construction would evidently be a perversion of the ordinance that allowed compensation to the assessor. As to what per cent of the commission allowed the assessor would be entitled to, is an amount to be determined and adjusted by the facts in the particular case. The facts in this case very clearly demonstrate that the value of the services in making and preparing the assessment rolls is reasonably worth the sum of $3\frac{1}{2}$ per cent of the 5 per cent commission allowed by law.

The question of compensation in this case is in some respects governed by the law of apportionment. Here are two parties—that is, the outgoing assessor and the incoming collector—entitled to compensation out of a particular fund. The question arises, how shall this fund be apportioned between the two? In arriving at an equitable apportionment, it is very necessary to consider the question of cost, labor, and expense, and the services rendered by each in the performance of the duties connected with the office. The evidence in this case is very satisfactory and to the point, that the services rendered by the assessor are worth more than the services rendered by the collector, and that the sum of $3\frac{1}{2}$ per cent of the 5 per cent commission allowed by the ordinance is no more than a reasonable compensation to the assessor and a fair apportionment of the entire commission.

We think the charge of the court presenting these views of the question to the jury was proper.

It is further insisted, that the item claimed by appellee of $200 for services rendered in the sidewalk matter is illegal, because there was no compensation allowed or fixed therefor by the city.

This may be true, but it is a question we do not undertake to decide, as we deem it unnecessary, because the jury in arriving at their verdict evidently did not consider it and include it in their estimate of the compensation that the appellee was entitled to; for the uncontradicted evidence in the record shows that appellee's services in making the assessment rolls was reasonably worth the sum of $3\frac{1}{2}$ per cent of the 5 per cent commission allowed by the ordinance, and that the amount of taxes actually collected on said rolls was the sum of $46,042. A mathematical calculation will show, that according to the undisputed evidence in the record the appellee was entitled to the sum of $1611.49—$161.14 more than he was allowed by the verdict of the jury. This sidewalk item is separate and distinct altogether from that in which he seeks compensation for the preparation of the assessment rolls.

We find no error in the record, and affirm the judgment.

*Affirmed.*

Delivered May 3, 1893.

Motion for rehearing refused.